# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. NEDD,<br><br>Plaintiff,<br><br>v.<br><br>SMITH, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-05581-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Jeffrey S. Nedd ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 20, 2026. (ECF No. 1.) Before the Court could screen Plaintiff's complaint, Plaintiff filed a first amended complaint on July 30, 2026. (ECF No. 6.) On September 24, 2026, the Court screened Plaintiff's first amended complaint and found that it failed to comply with Federal Rule of Civil Procedure 8, failed to state a cognizable claim, and appeared to be precluded. (ECF No. 9.) The Court granted Plaintiff leave to file a second amended complaint within 30 days. (*Id.*) Plaintiff's second amended complaint, filed on October 7, 2026, is currently before the Court for screening. (ECF No. 10.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison. Plaintiff names Kelly Smith, DA, as the sole defendant. (ECF No. 10 at 4.) The pages of Plaintiff's amended complaint do not appear to be in the correct order. The Court summarizes the allegations in the sequence they appear on the docket.

In Claim 1, Plaintiff asserts a claim for DNA testing and violation of the Fourteenth Amendment. Plaintiff alleges: The state and "feds" have a legislative procedure for him to seek post-conviction DNA testing through appointment of counsel. Plaintiff claims he is entitled to use this procedure by filing a declaration of his actual innocence. The state fails to respond. (ECF No. 10 at 2.)

Plaintiff claims that all he wants is DNA testing under *Skinner v. Switzer*. He alleges the

rape test kit shows his ex-girlfriend "had been with Walter then me and somebody else. If i beat her for eight hour's she be dead. After Yolanda been had slept with me for five to ten min Yolanda been with some Mexican man. Because D.N.A. don't lie. (*Id.* at 3 (unedited text).)

Plaintiff asserts that he did not knowingly and voluntarily plead guilty because years later, he found evidence that he was not the perpetrator of the crime of rape. Plaintiff claims he is actually innocent and asks this Court to review his case, appoint counsel, and investigate the case for post-conviction DNA testing. (*Id.*)

Plaintiff alleges:

> When Yolanda said i don't rember she was with Walter then me and someone else i admitt being with her but D.N.A show she was with third person after me. D.N.A is strong because when we been together it was consensual i have know reason lie about a thing the Evidence prove she get around. All i want is Rape test kit test again because my ex Attorney is a liar The truth don't lie the evidence speech for itself. I want the rape test kit test it under Skinner v. Switzer.

(*Id.* at 5 (unedited text).)

Plaintiff asks for the court to review his case for DNA testing. He states, "If a person beat on someone there should not be to different race in the Rape test kit. And she been with Walter and someone else after being with me in between the time." (*Id.* at 6 (unedited text).)

Plaintiff asserts that the courts need to do DNA testing under *Skinner v. Switzer* because eight hours is a long time to beat on anyone. (*Id.*) He claims his DNA does not match because it shows his actual innocence. Plaintiff further claims that "[s]he lied about being with a guy name Walter what else she lied about." (*Id.*) Plaintiff alleges that his appointment of counsel never filed a declaration for his actual innocence, and the DNA proves he is not lying because "she slept with third person . . . she got paid have sex with him." (*Id.*)

## IV. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. Plaintiff's allegations are repetitive and disjointed. Plaintiff fails to allege what happened, when it happened, or who was involved. The crux of Plaintiff's complaint appears to be that he is entitled to DNA testing under state and federal law and his former appointed counsel did not file a declaration for such testing.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to link Defendant Kelly Smith to the alleged deprivation. Indeed, Plaintiff's complaint does not name Defendant Kelly Smith in the factual allegations. Plaintiff does not specify what Defendant Kelly Smith did or did not do that resulted in a violation of Plaintiff's rights.

**C. Prosecutorial Immunity**

Defendant Kelly Smith, the district attorney named as the sole defendant in this action, is immune from suit. "Prosecutorial immunity applies to § 1983 claims. State prosecutors are

absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (citations omitted). Here, because Plaintiff appears to be challenging the prosecutor's actions or inactions in connection with his request for postconviction DNA testing, the prosecutorial defendant in this case subject to absolute immunity. *See Milo v. Schubert*, No. 2:19-CV-00176-CKD-P, 2019 WL 3410384, at *2 (E.D. Cal. July 29, 2019) ("In this case, plaintiff is challenging the prosecutor's actions in responding to his request for postconviction DNA testing of physical evidence. The challenged actions were 'quasi-judicial activities taken within the scope of their authority' rendering the prosecutorial defendants in this case subject to absolute immunity.") (citation omitted).

**D. Habeas**

To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

**E. DNA Testing**

Plaintiff invokes *Skinner v. Switzer*, 562 U.S. 521 (2011) in an attempt to seek post-conviction DNA testing under California Penal Code § 1405. In *Skinner*, the Supreme Court held that a postconviction claim for DNA testing is properly pursued in a § 1983 action, but noted that there is "slim room for the prisoner to show that the governing state law denies him procedural due process." 562 U.S. at 525.

"[A] plaintiff can state a cognizable § 1983 claim for DNA testing by challenging the constitutionality of a state statute on its face or as applied to his case." *Aguilar v. Superior Ct. of California*, No. 1:19-cv-01802-NONE-EPG, 2020 WL 5891392, at *5 (E.D. Cal. Oct. 5, 2020). Here, however, Plaintiff is not challenging the constitutionality of California Penal Code § 1405 on its face or as applied to his case. Rather, he is apparently challenging the decision by his

former attorney *not* to seek post-conviction DNA testing.[1] This does not state a cognizable § 1983 claim. *Accord Gallegos v. Licalsi*, No. 1:15-cv-01304-EPG, 2017 WL 931828, at *5 (E.D. Cal. 2017) (concluding plaintiff's claim fell outside of the confines of *Skinner* where he was not challenging the constitutionality of California Penal Code § 1405).

**F. Claim Preclusion**

Plaintiff filed *Nedd v. Barrett, et al.*, Case No. 1:25-cv-01033-KES-CDB (hereinafter "*Nedd I*") on August 15, 2025.[2] Plaintiff asserted constitutional claims against Charles Barrett and Kelly Smith, including violations of the Fifth and Fourteenth Amendments. Plaintiff asserted a right to access evidence introduced at a preliminary hearing and DNA testing, claiming ineffective assistance counsel because he knew "it did not match" and "he never put up [argument] . .. to have access testing again." (*See* Case No. 1:25-cv-01033-KES-CDB, ECF No. 13 at 2.) Plaintiff additionally asserted illegal prosecution, false imprisonment, "evidence (D.N.A.) exonerated of rape," and due process violation of fair trial. (*Id.* at 3.) He alleged:

> Charles Barrett fail to prepare motion for D.N.A. testing. The court had grants my 1405 Charles Barret he think there's nothing wrong. The rape test show she was with somebody else. They know she lied that's why I'm trying test kit it again its has to match she was with someone else. You need do the right thing and set me free. [¶] I told them the truth I have know reason to play with a person. The District Attorney Lara Boyed new she was lie from get go. They should of took that charge alway. I feel legal prosecution.

(*Id.* at 3-4.) As relief, Plaintiff asserted: "test the D.N.A. because she slept with two other walter [first] then me and someone after the fact. They new someone else was in the house[.]" The court dismissed the action for failure to state a claim on March 2, 2026. (*See* Case No. 1:25-cv-01033-KES-CDB, ECF No. 19). The Clerk of the Court entered judgment on the same date. (*Id.* at ECF No. 20.)

"As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties

---

[1] Exhibits submitted to the Court with the first amended complaint indicate that the state superior court granted Plaintiff's motion for appointment of counsel to prepare a motion for DNA testing pursuant to Penal Code § 1405(d)(1), if appropriate. (*See* ECF No. 6 at 11-13.) However, his appointed counsel did not file such a motion, "apparently for good reason." (*Id.* at 17-20.)

[2] The Court takes judicial notice of the files in that case. Fed. R. Civ. P. 201.

had been dismissed." *Headwaters Inc. v, U.S. Forest Service*, 399 F.3d, 1047, 1054 (9th Cir. 2005) (internal citation and quotation marks omitted). Additionally, duplicative lawsuits may be dismissed as being malicious or frivolous. *See Daniels v. Sherman*, No. 1:18-CV-01420-AWI-BAM (PC), 2021 WL 4480295, at *5 (E.D. Cal. Sept. 30, 2021) ("An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.") (internal citations omitted); *Martin v. Delacruz*, No. 1:22-CV-01351 ADA EPG, 2022 WL 17362901, at *5–6 (E.D. Cal. Dec. 1, 2022).

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

Identity of Claims

A court applies four criteria to decide whether there is an identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Harris*, 682 F.3d at 1132 (internal quotation and citation omitted). The fourth criterion is the most important. *Id.*

Both actions appear to involve infringement of the same right and to arise out of the same transactional nucleus of facts, namely Plaintiff's assertion of his right to DNA testing and evidence in his state court criminal action and the alleged failure of his former counsel to seek post-conviction DNA testing under California Penal Code § 1405.

Final Judgment on the Merits

The second factor for claim preclusion is met because there was a final judgment on the merits in *Nedd I*. *See Save Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022) ("Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion.").

<u>Parties</u>

The third factor for claim preclusion is met because the actions involve the same parties, namely Plaintiff and Defendant Kelly Smith.

**V. Conclusion and Recommendation**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable § 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Additionally, claim preclusion bars litigation of Plaintiff's claims in this action.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE